**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**PAUL J. BUKOVINSKY, II,**

Plaintiff,

v.                                          **Civil Action No. 5:20-CV-114**
                                            Judge Bailey

**WHEELING-NISSHIN INC.,**

Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Pending before this Court are the Motion to Dismiss of Defendant Wheeling-Nisshin,

Inc. [Doc. 12], filed September 14, 2020, and Plaintiff's Motion to Quash/Sanctions the

Defendant's Motion to Dismiss [Doc. 16], filed September 28, 2020.  Defendant also filed

a Reply and Response to Plaintiff's Motion [Doc. 17].   The motions are now ripe for

decision.  For the reasons that follow, the Court will grant the Motion to Dismiss and deny

Plaintiff's Motion to Quash.

## BACKGROUND

This case arises out of alleged employment discrimination.   As alleged in the

Complaint, filed *pro se*, plaintiff was employed by defendant at the Wheeling – Nisshin

plant where he was the victim of discrimination in violation of the Americans with

Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), and the Civil Rights Act of

1964 ("CRA").  [Doc. 1 at 1].  The plaintiff also alleges that various OSHA violations were

committed at the plant.  *See* [Id. at 3].  Plaintiff contends that harassment by supervisors

at the plant constituted a hostile work environment and that defendant is vicariously liable.

1

[Id. at 7–9]. Plaintiff also alleges defendant violated W.Va. Code § 21-3-10A by being denied a lunch break. [Id. at 2].

On September 14, defendant filed its Motion to Dismiss. In its memorandum in support, defendant raises several arguments in favor of dismissal. First, the employment discrimination claims under the ADA and CRA are untimely because plaintiff failed to file his lawsuit within 90 days of receiving his right-to-sue letter from the EEOC. [Doc. 13 at 6]. The EEOC letter was issued February 14, 2020. *See* [Doc. 14-2]. Defendant argues that because plaintiff has not submitted evidence of when he received the letter, the Court should apply the presumption of a three-day delivery period, giving the plaintiff until May 20, 2020, to file his suit. [Doc. 13 at 7]. Plaintiff did not file his Complaint until June 16, 2020, after that 90-day limit had expired.

Second, as to the FLSA claim, defendant argues that plaintiff has alleged no facts which support such a claim. [Id. at 8–9]. Third, and similarly, defendant argues that plaintiff has not alleged any facts to support a claim under W.Va. Code § 21-3-10A because plaintiff's own allegations show that he was permitted to eat while working and was permitted regular breaks. [Id. at 9–10].

On September 28, 2020, in response to the Motion to Dismiss, plaintiff filed Plaintiff's Motion to Quash/Sanctions the Defendant's Motion to Dismiss. [Doc. 16]. First, plaintiff asserts that he, in fact, filed his Complaint 87 days after he received the EEOC letter; he contends that while it is dated 2/14/20, he "did not receive it until awhile later." [Doc. 16 at 1]. Plaintiff argues that February 14, 2020, was right before a holiday weekend, and that "due to COVID-19 the United States Postal Service has stated that mail was delayed." [Id.]. Second, plaintiff points to an internal complaint his supervisor made

against him as evidence that defendant violated the anti-retaliation provision of the FLSA. [Id. at 2]. The plaintiff further contends that defendant is misleading this Court, that the Motion to Dismiss is "poisonous fruit" which must be quashed, and states that once he has gathered witness statements he would like defendant to be charged with obstruction of justice. [Id. at 3].

In its reply, defendant argues that plaintiff has failed to specifically state what date he alleges he received the EEOC letter. [Doc. 17 at 2]. Defendant points out that if, as plaintiff alleges, he filed his Complaint 87 days after receipt of the letter, this would put the date he received the letter on March 21, 2020, over a month after the date on the letter. [Id.]. Further, as to the arguments raised on the FLSA violation, defendant notes that "[a]gain, there is no allegation that the Plaintiff was not paid minimum wage or overtime" or that defendant did not keep proper employment records. [Id.].

## LEGAL STANDARDS

### I.   Motion to Dismiss - 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness

attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See* *Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

## II.    Motion to Dismiss - 12(b)(6)

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (emphasis added)." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id.* at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570.

4

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id.* at 396-97.

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## ANALYSIS

This Court finds that the Complaint should be dismissed.  First, the ADA and CRA claims must be dismissed as untimely.  Because the EEOC right-to-sue letter is a prerequisite to plaintiff filing his claim, the Court finds that the letter is so central to the claim as to be relied on at the motion to dismiss stage.  Under 42 U.S.C. § 2000e-5(f)(1), plaintiff had ninety days from receipt of the letter to file his claim.  The letter is dated February 14, 2020.  [Doc. 14-2].  Although plaintiff alleges he received it sometime later, there are no allegations in the Complaint specifying how long or under what circumstances a delay occurred.  Under Federal Rule of Civil Procedure 6(d), the presumption is that the ninety-day period began to run three days later. *See Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630 (4th Cir. 1999) (unpublished) (per curiam) ("it is presumed that service by regular mail is received within three days. . . .").  As three-days later was a federal holiday,

this puts the presumed date of receipt at February 18, 2020. This would put the nintey-day deadline at May 11, 2020. The Complaint in this case was filed over a month later, on June 16, 2020. [Doc. 1]. "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). This Court finds that the filing of the ADA and CRA claims were untimely and that there are no allegations justifying equitable tolling of the filing period.

Second, as to the FLSA claim, the Complaint does not have factual allegations related to FLSA violations. Construing the allegations broadly, plaintiff's response alleges that an Employee Counseling Statement alleging problems with plaintiff's work performance was fabricated and was retaliatory. [Docs. 16 at 2, 16-2 at 1]. Although this occurred after plaintiff filed his EEOC charge, since that charge does not appear to allege violations of the FLSA, the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), is not implicated. Accordingly, the Court finds that this claim should be dismissed for failure to state a claim.

Third, this Court agrees with defendant that plaintiff has failed to state a claim for a violation of W.Va. Code § 21-3-10A. The Complaint appears to acknowledge that plaintiff was permitted to eat while working and that he was permitted breaks; his statement that he "was denied a lunch break as required by West Virginia state law Chapter 21 article 3 § 21-3-10A," without more, is the type of "formulaic recitation of the elements" which is insufficient to survive a motion to dismiss.

Finally, insofar as plaintiff's response moves to quash the motion to dismiss or to bring sanctions against defendant, the Court finds there is no basis for such sanctions, nor a basis to quash.

## CONCLUSION

Upon consideration of the above, the Motion to Dismiss of Defendant Wheeling-Nisshin, Inc. **[Doc. 12]** is hereby **GRANTED**. Further, Plaintiff's Motion to Quash/Sanctions the Defendant's Motion to Dismiss **[Doc. 16]** is hereby **DENIED**. It is **ORDERED** that this civil action be, and the same is hereby, **DISMISSED WITH PREJUDICE** and retired from the docket of this Court. The Court hereby **DIRECTS** the Clerk to **STRIKE** this matter from the active docket of this Court and to enter judgment in favor of the defendant.

The Clerk is directed to transmit true copies of this order to the *pro se* plaintiff and all counsel of record.

It is so **ORDERED**.

**DATED**: October 22, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**